OPINION
BROWN, Judge.
¶ 1 The narrow question before us is whether Arizona’s Medical Marijuana Act (“AMMA”) prohibits the State from prosecuting an authorized marijuana user for driving under the influence (“DUI”) pursuant to Arizona Revised Statutes (“AR.S.”) section 28-1381(A)(3), which criminalizes driving while there is any prohibited drug or its metabolite in a person’s body. For the reasons set forth below, we conclude that the *186 AMMA does not give an authorized medical marijuana user immunity from prosecution.
¶ 2 In December 2011, Travis Lance Dar-rah was charged with two counts of DUI in violation of A.R.S. § 28-1381 — one based on impairment under subsection (A)(1), and the other based on the presence of marijuana or its metabolite under subsection (A)(3).[1] It is uncontested that Darrah was an authorized medical marijuana user at the time of his arrest and a test taken after his arrest revealed that Darrah’s blood contained 4.0 ng/ml of delta-9-tetrahydrocannabinol (“THC”), which is an active component of marijuana.
¶3 Prior to trial in the municipal court, Darrah requested dismissal of the (A)(3) charge based on his position that AR.S. § 36-2802(D), a provision of the AMMA, only permits prosecution of an authorized marijuana user under § 28-1381(A)(l). The municipal court denied Darrah’s request and • then granted the State’s motion in limine to preclude evidence that Darrah possessed a medical marijuana card at the time of the offenses, finding that such evidence was not relevant to either charge.
¶4 A jury acquitted Darrah of the (A)(1) charge, but found him guilty under § 28-1381(A)(3). On appeal, the superior court affirmed. Darrah now seeks review by this court because he has no further right of direct appeal. AR.S. § 22-375(B). Thus, special action review is his only available remedy. See Ariz. R.P. Spec. Act. 1(a) (stating special action jurisdiction is available absent “an equally plain, speedy, and adequate remedy by appeal”). In the exercise of our discretion, we accept review. See Cicoria v. Cole, 222 Ariz. 428, 430, ¶ 9, 215 P.3d 402, 404 (App.2009).
¶ 5 Darrah argues that his DUI conviction should be set aside based on § 36-2802(D), which provides as follows:
This chapter does not authorize any person to engage in, and does not prevent the imposition of any civil, criminal or other penalties for engaging in, the following conduct:
D. Operating, navigating or being in actual physical control of any motor vehicle, aircraft or motorboat while under the influence of marijuana, except that a registered qualifying patient shall not be considered to be under the influence of marijuana solely because of the presence of metabolites or components of marijuana that appear in insufficient concentration to cause impairment.
(Emphasis added.) Darrah asserts that this provision manifests the intent of the AMMA to make all authorized medical marijuana users immune from prosecution unless they drive while impaired. Specifically, he argues that under § 36-2802(D), a registered qualifying patient is subject to prosecution only under § 28-1381(A)(l), which requires the State to prove a person was driving while impaired to the slightest degree. Darrah therefore concludes that a qualified patient is immune from prosecution under § 28-1381(A)(3), which bans a person from driving while there is any drug or its metabolite in the person’s body. See A.R.S. § 36-2801(13) (defining “qualifying patient”).
¶ 6 Nothing in the plain language of § 36-2802(D), or elsewhere in the AMMA, supports Darrah’s interpretation of the statute. See Cave Creek Unified Sch. Dist. v. Ducey, 233 Ariz. 1, 6-7, ¶ 21, 308 P.3d 1152, 1157-58 (2013) (explaining that we interpret a voter-approved measure “to effect the intent of the electorate that adopted it,” and, in doing so, we interpret the words used according to their “natural, obvious and ordinary meaning”) (internal quotation omitted). If Arizona voters had intended to completely bar the State from prosecuting authorized marijuana users under § 28-1381(A)(3), they *187 could have easily done so by using specific language to that effect. Cf. A.R.S. § 36-2811(B) (immunizing a registered qualifying patient or registered designated caregiver from “arrest, prosecution or penalty in any manner” for possessing an allowable amount of marijuana), (C) (immunizing a physician from “arrest, prosecution or penalty” for issuing a written certification that a patient is likely to benefit from the use of medical marijuana), (D) (immunizing any person from “arrest, prosecution or penalty in any manner” for being in the “presence or vicinity of medical marijuana”), (F) (immunizing a medical marijuana dispensary agent from “arrest, prosecution, search, seizure or penalty in any manner” for possessing or dispensing marijuana or related supplies to qualifying patients or registered designated caregivers). In the absence of such specific wording, we will not presume the electorate intended otherwise.
¶ 7 Moreover, accepting Darrah’s interpretation would directly contravene State ex rel. Montgomery v. Harris, 234 Ariz. 343, 345-46, 347, ¶ ¶ 16, 24, 322 P.3d 160, 162-63, 164 (2014). In Harris, the defendant was prosecuted for DUI under § 28-1381(A)(3) based on testing results indicating only the presence of an inactive marijuana metabolite. 234 Ariz. at 343, ¶ 1, 322 P.3d at 160. Our supreme court held that a “non-impairing” metabolite of marijuana is not a “proscribed drug” listed in A.R.S. § 13-3401 and therefore its presence in a person’s body cannot support a conviction for DUI pursuant to A.R.S. § 28-1381(A)(3). Harris, 234 Ariz. at 347, ¶ 24, 322 P.3d at 164. In reaching this conclusion, the court explained that the AMMA legalizes marijuana for medicinal purposes, but “[djespite the legality of such use[,] prosecutors can charge legal users under the (A)(3) provision” because that statute “does not require the State to prove that the marijuana was illegally ingested[.]” Id. at 346-47, ¶ 16, 322 P.3d at 163-64. Consistent with Harris, the AMMA does not operate as a bar to Darrah’s prosecution for DUI under A.R.S. § 28 — 1381(A)(3).[2]
¶ 8 Darrah has raised no other issues in this special action and thus we decline to express any opinion as to the existence of a carve-out exception as addressed by the special concurrence. Because the superior court properly affirmed Darrah’s DUI conviction and sentence, we accept jurisdiction and deny relief.

. Section 28-1381 provides as follows, in relevant part:
A. It is unlawful for a person to drive or be in actual physical control of a vehicle in this state under any of the following circumstances:
1. While under the influence of intoxicating liquor, any drug, a vapor releasing substance containing a toxic substance or any combination of liquor, drugs or vapor releasing substances if the person is impaired to the slightest degree.
3. While there is any drug defined in § 13-3401 or its metabolite in the person’s body.

. In his petition, Darrah also asserts that the municipal court erred by precluding him from asserting an affirmative defense under A.R.S. § 28-1381(D), which prohibits a DUI conviction under § 28 — 1381 (A)(3) (drug or its metabolite) based on drug use "as prescribed by a medical practitioner licensed pursuant to title 32, chapter 7, 11, 13 or 17.” But Darrah’s counsel conceded that issue at oral argument, acknowledging that Darrah’s certification for marijuana use was from a doctor of naturopathic medicine, that such doctors are not licensed under Title 32, Chapter 7 (podiatrist), 11 (dentist), 13 (medical doctor), or 17 (osteopath), and therefore they do not meet the requirements for issuing a qualifying certification under § 28 — 1381 (D).