337 P.3d 568

**Kristina R. DOBSON, Petitioner,**

**v.**

**The Honorable Crane McCLENNEN, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge.**

**City of Mesa Prosecutor's Office, Real Party in Interest.**

**Marvelle D. Anderson, Petitioner,**

**v.**

**The Honorable Crane McClennen, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge.**

**City of Mesa Prosecutor's Office, Real Party in Interest.**

**Nos. 1 CA–SA 14–0168, 1 CA–SA 14–0170.**

Court of Appeals of Arizona, Division 1.

Nov. 4, 2014.

John P. Tatz, Attorney at Law, P.C., Glendale By John P. Tatz, Counsel for Petitioners.

Mesa City Prosecutor's Office, Mesa By W. Craig Jones, Counsel for Real Party in Interest.

Judge SAMUEL A. THUMMA delivered the opinion of the Court, in which Presiding Judge LAWRENCE F. WINTHROP and Judge JOHN C. GEMMILL joined.

## OPINION

THUMMA, Judge.

¶ 1 Petitioners Krishna R. Dobson and Marvelle D. Anderson were convicted in municipal court of driving with an impermissible drug or its metabolite in a person's body in violation of Arizona Revised Statutes (A.R.S.) section 28–1381(A)(3) (2014).[1] Petitioners claim the superior court erred in affirming the municipal court's pretrial rulings precluding evidence that Petitioners held medical marijuana cards at the time of the offenses. Although accepting special action jurisdiction, this court denies relief because Petitioners have shown no error.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Petitioners were charged with violating A.R.S. § 28–1381(A)(1) (driving or controlling a vehicle "[w]hile under the influence ... impaired to the slightest degree") and A.R.S. § 28–1381(A)(3) (driving or controlling a vehicle "[w]hile there is any drug defined in [A.R.S. § ] 13–3401 or its metabolite in the

---

**1.** Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

person's body"). After briefing and oral argument, the municipal court denied Dobson's motion to present evidence at trial that she held an Oregon-issued medical marijuana card and granted the State's motion in limine to preclude evidence at trial that Anderson held an Arizona-issued medical marijuana card. Petitioners then submitted the issue of guilt to the court based on a stipulated record and were found guilty of violating (A)(3). The municipal court then granted the State's motion to dismiss the (A)(1) charges. After sentencing, Petitioners both timely appealed to the superior court.

¶ 3 The superior court first considered Dobson's appeal and affirmed, finding that "[h]aving a valid medical marijuana card is not a defense to" an (A)(3) charge. The superior court found the affirmative defense of A.R.S. § 28–1381(D) ("using a drug as prescribed by a" specified medical practitioner) does not apply to marijuana use. The superior court next found that A.R.S. § 36–2802(D) (providing "that a registered qualifying patient shall not be considered to be under the influence of marijuana solely because of the presence of metabolites or components of marijuana that appear in insufficient concentration to cause impairment") did not apply to an (A)(3) charge. In affirming Anderson's conviction, the superior court found "no reason to revisit its prior rulings" in Dobson's appeal.

¶ 4 Petitioners then sought special action review. This court consolidated the matters sua sponte, accepted special action jurisdiction and took the consolidated matter under advisement with this written decision to follow.

## DISCUSSION

### I.  Special Action Jurisdiction.

■■■■  ¶ 5 Special action jurisdiction is "highly discretionary," *Randolph v. Groscost*, 195 Ariz. 423, 425 ¶ 6, 989 P.2d 751, 753 (1999), and may be appropriate where petitioner has no "equally plain, speedy, and adequate remedy by appeal," Ariz. R.P. Spec. Act. 1(a). Special action jurisdiction is appropriate to address an issue of first impression that is " 'a purely legal question, is of

statewide importance, and is likely to arise again.' " *Lear v. Fields*, 226 Ariz. 226, 229 ¶ 6, 245 P.3d 911, 914 (App.2011) (quoting *Vo v. Superior Court*, 172 Ariz. 195, 198, 836 P.2d 408, 411 (App.1992)).

■■■  ¶ 6 Because these proceedings originated in municipal court, Petitioners have no right of appeal to this court. *See* A.R.S. § 22–375(B). The petitions present issues of statewide importance, some of which have not yet been addressed in any appellate decision, and that are likely to arise again. Accordingly, this court accepts special action jurisdiction. *See Cicoria v. Cole*, 222 Ariz. 428, 430 ¶ 9, 215 P.3d 402, 404 (App.2009) (accepting special action jurisdiction over petition presenting "an issue of statewide importance potentially affecting numerous DUI cases"); *accord Darrah v. Superior Court*, CA–SA 14–0054, 236 Ariz. 185, 186 ¶ 4, 337 P.3d 550, 551, 2014 WL 5339388 at *1 ¶ 4 (Ct.App. Oct. 21, 2014) (accepting special action jurisdiction in similar case with similar procedural background).

### II.  The Merits.

#### A.  Standard Of Review.

¶ 7 The municipal court "has considerable discretion in determining the relevance and admissibility of evidence." *State v. Amaya-Ruiz*, 166 Ariz. 152, 167, 800 P.2d 1260, 1275 (1990). This court reviews determinations of the admissibility of evidence, including rulings excluding evidence, for an abuse of discretion. *See State v. Superior Court*, 128 Ariz. 583, 585, 627 P.2d 1081, 1083 (1981). Issues of statutory construction present questions of law, which this court reviews de novo. *Pima County v. Pima County Law Enforcement Merit Sys. Council*, 211 Ariz. 224, 227 ¶ 13, 119 P.3d 1027, 1030 (2005).

#### B.  The Arizona Medical Marijuana Act.

¶ 8 Petitioners' arguments implicate provisions of the Arizona Medical Marijuana Act (AMMA), passed by Arizona voters in November 2010 and codified at A.R.S. §§ 36–2801 to –2819. Under the AMMA, a registered qualifying patient with a debilitating medical condition may obtain a "[r]egistry

identification card" that, in conjunction with a "[w]ritten certification" by a physician, allows the registered qualifying patient to obtain an allowable amount of marijuana for medical use from a medical marijuana dispensary. *See* A.R.S. § 36–2801(13) ("Qualifying patient"); (3) ("Debilitating medical condition"); (14) ("Registry identification card"); (18) ("Written certification"); (12) ("Physician"); (1) ("Allowable amount of marijuana"); (9) ("Medical use"); (11) ("Nonprofit medical marijuana dispensary").

¶ 9 Petitioners assert they are registered qualifying patients who hold valid registry identification cards and used medical marijuana pursuant to a written certification from a physician under the AMMA.[2] Petitioners argue both that such written certification is an affirmative defense to the (A)(3) charge under A.R.S. § 28–1381(D), and that they are "immune to prosecution" under (A)(3) based on two AMMA provisions.

¶ 10 " '[T]he best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction.' " *State ex rel. Montgomery v. Harris,* 234 Ariz. 343, 344 ¶ 8, 322 P.3d 160, 161 (2014) (quoting *State v. Hansen,* 215 Ariz. 287, 289 ¶ 7, 160 P.3d 166, 168 (2007)). The court must assign to each word its "usual and commonly understood meaning" unless the Legislature "clearly intended" otherwise. *Bilke v. State,* 206 Ariz. 462, 464 ¶ 11, 80 P.3d 269, 271 (2003); *accord Cave Creek Unified Sch. Dist. v. Ducey,* 233 Ariz. 1, 6–7 ¶ 21, 308 P.3d 1152, 1157–58 (2013) (interpreting each word in voter-approved measure according to its "natural, obvious and ordinary meaning") (internal quotation omitted). If ambiguity exists, the court applies "secondary principles of statutory construction and consider[s] other relevant information, including the history, context, and spirit and purpose of the law, to glean legislative intent." *Vicari v. Lake Havasu City,* 222 Ariz. 218, 222 ¶ 13,

213 P.3d 367, 371 (App.2009) (citations omitted); *see also State v. Bayardi,* 230 Ariz. 195, 198 ¶ 12, 281 P.3d 1063, 1066 (App.2012). The court, however, only looks to these secondary construction principles "[w]hen a statute's meaning cannot be discerned from its language alone." *Harris,* 234 Ariz. at 345 ¶ 13, 322 P.3d at 162.

## C. For An A.R.S. § 28–1381(A)(3) Charge, A.R.S. § 28–1381(D) Does Not Apply To Use Of Medical Marijuana Pursuant To A Written Certification Under The AMMA.

¶ 11 Petitioners stand convicted of violating (A)(3), which makes it "unlawful for a person to drive or be in actual physical control of a vehicle" in Arizona while "there is any drug defined in [A.R.S.] § 13–3401 or its metabolite in the person's body." A.R.S. § 28–1381(A)(3). Petitioners admit that marijuana and tetrahydrocannabinol (THC), an impairing active component of marijuana, are drugs as defined in A.R.S. § 13–3401. *See* A.R.S. § 13–3401(4)(b), (19); *Harris,* 234 Ariz. at 343 ¶ 1, 322 P.3d at 160 (construing "its metabolite" as not including "a non-impairing metabolite of Cannabis"). Petitioners argue, however, that they had a right to offer evidence of their registry identification cards because A.R.S. § 28–1381(D) provides an affirmative defense to an (A)(3) charge.

¶ 12 The text of A.R.S. § 28–1381(D) provides that " '[a] person using a drug as prescribed by a medical practitioner licensed pursuant to [A.R.S. T]itle 32, [C]hapter 7 [podiatrist], 11 [dentist], 13 [medical doctor] or 17 [osteopath] is not guilty of violating' 28–1381(A)(3)." *Bayardi,* 230 Ariz. at 198 ¶ 10, 281 P.3d at 1066 (quoting A.R.S. § 28–1381(D)). To invoke the protection of this affirmative defense, a defendant has to show that he or she took a "prescription drug[ ] as prescribed" by a specified medical practitioner. *Id.* at 201 ¶ 23, 281 P.3d at 1069.

---

**2.** Although Oregon issued Dobson's medical marijuana card, it is undisputed that this card "has the same force and effect" as an Arizona registry identification card. *See* A.R.S. § 36–2804.03(C). The record suggests Dobson had a tetrahydrocannabinol (THC) concentration of 8.5 nanograms per milliliter (ng/ml) and Anderson had a THC concentration of 10 ng/ml, which the State

notes far exceed the 5 ng/ml levels "used in the two states that have set numerical limits" for THC-based impairment while driving. *See* Colo. Rev.Stat. Ann. § 42–4–1301(6)(a)(IV) (5.0 ng/ml of THC gives permissible inference of being under the influence); Wash. Rev.Code § 46.61.502(1)(b) (5.0 ng/ml of THC within two hours of driving is per se limit).

208

¶ 13 Although Petitioners argue their use of marijuana under the AMMA was "as prescribed" by a specified medical practitioner, the terms "prescribed" and "prescription" are not used in the AMMA. Instead, the AMMA authorizes the use of medical marijuana pursuant to a "[w]ritten certification" signed by a physician. A.R.S. § 36–2801(18). Petitioners cite no authority suggesting that "[w]ritten certification" as used in the AMMA is intended to mean "as prescribed" as used in A.R.S. § 28–1381(D), or to otherwise authorize the operation of a motor vehicle after using marijuana.

¶ 14 Among other things, as a Schedule I controlled substance, marijuana "cannot be dispensed under a prescription" by a medical practitioner. *See United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 492 n. 5, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001); 21 U.S.C. § 812 Schedule I(c)(10) (marijuana, including its salts, isomers and salts of isomers, is a Schedule I controlled substance); *accord* Oregon Health Authority, Oregon Medical Marijuana Program Handbook 6 *available at* https://public.health. oregon.gov/DiseasesConditions/Chronic Disease/MedicalMarijuanaProgram/ Documents/ommpHandbook.pdf ("[T]he federal government classifies marijuana as a Schedule I narcotic, which means a **physician cannot prescribe it.**"). Similarly, there is no suggestion that a "[w]ritten certification" under the AMMA contains the information required for a prescription in Arizona, which would include the "[n]ame of the drug's ... manufacturer;" "strength, and dosage;" the "[p]rescribing medical practitioner's directions for use" and the "[q]uantity prescribed." *See* Ariz. Admin. Code R4–23–407(A) ("Prescription Requirements;" "Prescription orders"); *see also* A.R.S. § 32–1901(77) ("Prescription order"). Accordingly, use of medical marijuana pursuant to a "[w]ritten certification" under the AMMA does not constitute use "as prescribed" by a specified medical practitioner under A.R.S. § 28–1381(D).

¶ 15 Petitioners also urge that the phrase "as prescribed" in A.R.S. § 28–1381(D) means something different than "prescription," that " '[p]rescribe' is not defined in the

statute and therefore it should be given its plain and ordinary meaning" and, accordingly, that "prescribed" should be read to include a "written certification" under the AMMA. Although the drafters of the AMMA could have used "as prescribed," they did not do so. Petitioners cite no authority suggesting that "as prescribed" is intended to include a "written certification" as used in the AMMA. Moreover, the phrase "as prescribed" used in A.R.S. § 28–1381(D) was added by the Legislature in 2009 and, therefore, *predates* the November 2010 enactment of the AMMA. *See Bayardi*, 230 Ariz. at 200 ¶ 17, 281 P.3d at 1068 (noting 2009 amendments to A.R.S. § 28–1381(D) included "as prescribed"). Petitioners have not cited any authority suggesting that the Legislature intended to include "written certification" for marijuana use when enacting the "as prescribed" language in A.R.S. § 28–1381(D) more than a year *before* the enactment of the AMMA. Nor can Petitioners show that using marijuana under the AMMA is taking "prescription drugs as prescribed" under A.R.S. § 28–1381(D). *See Bayardi*, 230 Ariz. at 201 ¶ 23, 281 P.3d at 1069.

¶ 16 Because "as prescribed" does not include a "written certification" under the AMMA, A.R.S. § 28–1381(D) does not provide an affirmative defense to an (A)(3) charge based on marijuana use. Accordingly, Petitioners have not shown the municipal court erred in finding their registry identification cards were inadmissible at trial under A.R.S. § 28–1381(D). *See Amaya–Ruiz*, 166 Ariz. at 167, 800 P.2d at 1275.

**D. The AMMA Provisions Do Not Provide Immunity For An A.R.S. § 28–1381(A)(3) Charge.**

¶ 17 Petitioners claim the AMMA contains two "immunity provisions," which they allege "are clear on their face." Petitioners first challenge the superior court's rejection of their argument under A.R.S. § 36–2802(D), which states that the AMMA does not authorize any person to engage in, and does not prevent the imposition of any civil, criminal or other penalties for engaging in the following conduct: ... [o]perating, navigating or being in actual

physical control of any motor vehicle, aircraft or motorboat while under the influence of marijuana, except that a registered qualifying patient shall not be considered to be under the influence of marijuana solely because of the presence of metabolites or components of marijuana that appear in insufficient concentration to cause impairment.

A.R.S. § 36–2802(D). An (A)(3) charge, however, does not require that the defendant be "under the influence of marijuana," *id.*, or "require[ ] that the State prove impairment," *Harris*, 234 Ariz. at 347 ¶ 21, 322 P.3d at 164. Indeed, notwithstanding the AMMA, the State can charge marijuana users for violating (A)(3), and "regardless of impairment, [marijuana users] violate (A)(3) if they are discovered with any amount of THC or an impairing metabolite in their body." *Harris*, 234 Ariz. at 347 ¶¶ 23–24, 322 P.3d at 164. Thus, as recently recognized by another panel of this court, A.R.S. § 36–2802(D) does not apply to an (A)(3) charge. *See Darrah*, CA-SA 14–0054, 236 Ariz. at 186–87 ¶¶ 5–8, 337 P.3d at 551–52, 2014 WL 5339388 at *1–*2 ¶¶ 5–8.[3]

¶ 18 Petitioners next rely on an AMMA provision stating that "[a] registered qualifying patient . . . is not subject to arrest, prosecution or penalty in any manner . . . [f]or the registered qualifying patient's medical use of marijuana pursuant to [the AMMA], if the registered qualifying patient does not possess more than the allowable amount of marijuana." A.R.S. § 36–2811(B)(1). Petitioners argue their convictions were "strictly prohibited" by this provision, meaning they were "immune to prosecution" under (A)(3).

■■■ ¶ 19 Petitioners' (A)(3) convictions do not run afoul of A.R.S. § 36–2811(B)(1). As applicable here, to be convicted of violating (A)(3), the State was required to show that Petitioners: (1) were driving or in actual physical control of a vehicle and (2) had marijuana or an impairing metabolite in their body. A.R.S. § 28–1381(A)(3); *see also Harris*, 234 Ariz. at 347 ¶ 24, 322 P.3d at 164. Petitioners were not prosecuted or penalized for using or possessing marijuana; they were prosecuted and penalized *for driving* after having used marijuana. Petitioners' use of marijuana while having valid registry identification cards did not mean they could then drive or control a vehicle without violating (A)(3). Accordingly, because their convictions were not prohibited by A.R.S. § 36–2811(B)(1), Petitioners have not shown the municipal court erred in finding their registry identification cards were inadmissible under these provisions of the AMMA. *See Amaya–Ruiz*, 166 Ariz. at 167, 800 P.2d at 1275.

### CONCLUSION

¶ 20 The affirmative defense available under A.R.S. § 28–1381(D) does not apply to an A.R.S. § 28–1381(A)(3) charge resulting from use of marijuana under the AMMA. Similarly, neither A.R.S. § 36–2811(B) nor A.R.S. § 36–2802(D) provides immunity for defendants facing charges for driving with an impermissible drug or impairing metabolite in their bodies under A.R.S. § 28–1381(A)(3). Accordingly, the municipal court did not err in excluding from evidence at trial that Petitioners held medical marijuana cards and the superior court did not err in affirming those decisions. For these reasons, this court accepts jurisdiction but denies relief.

---

**3.** The superior court noted that A.R.S. § 36–2802(D) "might be relevant in a prosecution for a violation of" (A)(1), an issue this court need not address or resolve.