IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

―――――――――

KRISTINA R. DOBSON,
*Petitioner,*

*v.*

THE HONORABLE CRANE MCCLENNEN, JUDGE OF THE SUPERIOR COURT OF THE
STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,
*Respondent Judge,*

CITY OF MESA PROSECUTOR'S OFFICE,
*Real Party in Interest.*

―――――――――

MARVELLE D. ANDERSON,
*Petitioner,*

*v.*

THE HONORABLE CRANE MCCLENNEN, JUDGE OF THE SUPERIOR COURT OF THE
STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,
*Respondent Judge,*

CITY OF MESA PROSECUTOR'S OFFICE,
*Real Party in Interest.*

―――――――――

No. CV-14-0313-PR
Filed November 20, 2015

―――――――――

Appeal from the Superior Court in Maricopa County
The Honorable Crane McClennen, Judge
No. LC2014-000196 and LC2014-000266
**AFFIRMED**

Opinion of the Court of Appeals, Division One
236 Ariz. 203, 337 P.3d 568 (App. 2014)
**VACATED**

―――――――――

COUNSEL:

John P. Tatz (argued), John P. Tatz Attorney at Law, P.C., Glendale, Attorney for Kristina R. Dobson and Marvelle D. Anderson

W. Craig Jones (argued), Chief Assistant City Prosecutor, Mesa City Prosecutor's Office, Mesa, Attorneys for City of Mesa Prosecutor's Office

David J. Euchner (argued), Tucson, Attorney for Amicus Curiae Arizona Attorneys for Criminal Justice

Thomas W. Dean, Phoenix, Attorney for Amicus Curiae National Organization for the Reform of Marijuana Laws

───────────────

CHIEF JUSTICE BALES authored the opinion of the Court, in which VICE CHIEF JUSTICE PELANDER and JUSTICES BRUTINEL, TIMMER, and BERCH (RETIRED) joined.

───────────────

CHIEF JUSTICE BALES, opinion of the Court:

¶1 The Arizona Medical Marijuana Act ("AMMA"), passed by voters in 2010 and codified as A.R.S. §§ 36-2801-2819, allows a person who has been diagnosed by a physician as having a debilitating medical condition to apply for a card identifying the holder as a registered qualifying patient. Such patients may possess and use limited amounts of marijuana for medical reasons. The AMMA broadly immunizes them from prosecution for using medical marijuana consistent with the Act.

¶2 Arizona's laws generally make it a crime for a person to drive with any amount of certain drugs, including marijuana or its impairing metabolite, in the person's body. A.R.S. § 28-1381(A)(3); *State ex rel. Montgomery v. Harris (Shilgevorkyan)*, 234 Ariz. 343, 347 ¶ 24, 322 P.3d 160, 164 (2014). We today hold that the AMMA does not immunize a medical marijuana cardholder from prosecution under § 28-1381(A)(3), but instead affords an affirmative defense if the cardholder shows that the marijuana or its metabolite was in a concentration insufficient to cause impairment.

2

**I.**

¶3        Kristina Dobson and Marvelle Anderson ("Petitioners") were each charged with two counts of driving under the influence ("DUI"). Count one alleged a violation of A.R.S. § 28-1381(A)(1),  which prohibits a person from driving a vehicle in Arizona "[w]hile under the influence of … any drug … if the person is impaired to the slightest degree." Count two alleged a violation of § 28-1381(A)(3), which prohibits driving a vehicle "[w]hile there is any drug defined in § 13-3401 or its metabolite in the person's body."  Cannabis (marijuana) is a drug defined in A.R.S. § 13-3401(4).  Blood tests showed that each Petitioner had marijuana and its impairing metabolite in his or her body.

¶4        The municipal court denied Dobson's motion to present evidence at trial that she held an Oregon-issued medical marijuana card and granted the State's motion in limine to preclude evidence that Anderson held an Arizona-issued medical marijuana card. Neither Petitioner sought to introduce any evidence other than their respective medical marijuana cards.  The State dismissed the (A)(1) charges and Petitioners, after submitting the issue of guilt to the court based on a stipulated record, were each convicted of the (A)(3) charge.

¶5        Petitioners timely appealed to the Maricopa County Superior Court, which affirmed their convictions.  They then sought special action review in the court of appeals, which accepted jurisdiction but denied relief. *Dobson v. McClennen*, 236 Ariz. 203, 205 ¶ 1, 337 P.3d 568, 570 (App. 2014). The court of appeals held that "neither A.R.S. § 36-2811(B) nor § 36-2802(D) provides immunity for defendants facing charges for driving with an impermissible drug or impairing metabolite in their bodies under A.R.S. § 28-1381(A)(3)."  263 Ariz. at 209 ¶ 20, 337 P.3d at 574.

¶6        We granted review because whether the AMMA immunizes a medical marijuana cardholder from DUI prosecution under § 28-1381(A)(3) presents a recurring issue of statewide importance.  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

**II.**

¶7        We review questions of statutory interpretation de novo. *State v. Hansen,* 215 Ariz. 287, 289 ¶ 6, 160 P.3d 166, 168 (2007). A reviewing court's "primary objective in construing statutes adopted by initiative is to give effect to the intent of the electorate." *State v. Gomez*, 212 Ariz. 55, 57 ¶ 11, 127 P.3d 873, 875 (2006). "When two statutes conflict, we adopt a construction that reconciles them whenever possible, giving force and meaning to each." *State v. Jones*, 235 Ariz. 501, 502 ¶ 6, 332 P.3d 191, 192 (2014).

**A.**

¶8        The AMMA broadly immunizes registered qualifying patients for their medical use of marijuana, providing:

> A registered qualifying patient . . . is not subject to arrest, prosecution or penalty in any manner, or denial of any right or privilege, including any civil penalty or disciplinary action by a court or occupational or professional licensing board or bureau: (1) For the registered qualifying patient's medical use of marijuana pursuant to this chapter, if the registered qualifying patient does not possess more than the allowable amount of marijuana.

A.R.S. § 36-2811(B)(1).

¶9        This grant of immunity is not absolute. For instance, the AMMA does not prohibit prosecution for "[o]perating, navigating or being in actual physical control of any motor vehicle, aircraft or motorboat while under the influence of marijuana." A.R.S. § 36-2802(D). However, "a registered qualifying patient shall not be considered to be under the influence of marijuana solely because of the presence of metabolites or components of marijuana that appear in insufficient concentration to cause impairment." *Id*.

¶10        Arizona's DUI laws identify separate offenses for driving while a person is under the influence of marijuana and "impaired to the slightest degree," A.R.S. § 28-1381(A)(1), and driving while there is marijuana or its metabolite "in the person's body." § 28-1381(A)(3). An (A)(3) violation, unlike an (A)(1) violation, does not require the state to

prove that the defendant was in fact impaired while driving or in control of a vehicle. *Harris*, 234 Ariz. at 347 ¶ 24, 322 P.3d at 164. Instead, marijuana users "violate (A)(3) if they are discovered with any amount of THC or an impairing metabolite in their body." *Id.*

¶11 The (A)(1) and (A)(3) offenses also differ with respect to possible defenses. When the state charges a person with driving while impaired by drugs in violation of (A)(1), "[i]t is not a defense . . . that the person is or has been entitled to use drugs under the laws of this state." § 28-1381(B). In contrast, a person cannot be convicted under (A)(3) for using a drug as prescribed by a licensed medical practitioner. A.R.S. § 28-1381(D). Subsection (D) thus provides an affirmative defense to an (A)(3) charge.

¶12 In *Harris*, we held that "[d]rivers cannot be convicted of the (A)(3) offense based merely on the presence of a non-impairing metabolite that may reflect the prior usage of marijuana." 234 Ariz. at 347 ¶ 24, 322 P.3d at 164. Although we observed that "a driver who tests positive for any amount of an impairing drug is legally and irrefutably presumed to be under the influence," *id.* at 347 ¶ 22, 322 P.3d at 164, in *Harris* we did not consider the scope of the subsection (D) affirmative defense. Nor did that case involve a driver who was a qualified registered patient.

¶13 Here, we must resolve how the AMMA affects (A)(3) prosecutions. The State argues that the AMMA, which provides that a registered card holder cannot be considered to be under the influence of marijuana if it is present in an "insufficient concentration to cause impairment," § 36-2802(D), does not affect (A)(3) prosecutions at all because the State is not required to prove a defendant's impairment to establish an (A)(3) violation. Dobson and Anderson counter that the AMMA immunizes them from an (A)(3) prosecution because they cannot be considered to be under the influence based solely on the mere presence of marijuana or its metabolite in their bodies. They also contend that the affirmative defense afforded by § 28-1381(D) applies to them.

¶14 Neither position urged by the parties represents the best reading of the statutory provisions. The State's view effectively renders superfluous the "shall not be considered to be under the influence" clause in A.R.S. § 36-2802(D). This language would be unnecessary if it only prohibited prosecution under statutes, such as § 28-1381(A)(1), that require

the state to prove that the defendant is in fact impaired as a result of the presence of marijuana or its metabolite. Section 36-2802(D) is more plausibly interpreted as applying to statutes like § 28-1381(A)(3), which, as we noted in *Harris*, presume that a defendant is impaired based on the mere presence of any amount of marijuana or its potentially impairing metabolites in a person's body. 234 Ariz. at 347 ¶ 22, 322 P.3d at 164.

¶15 Petitioners, however, are also not convincing in arguing that § 36-2802(D) immunizes registered qualifying patients from *any* prosecution under § 28-1381(A)(3). Section 36-2802(D) does not say that registered qualifying patients cannot be prosecuted for (A)(3) violations. Instead, it provides that such patients, who use marijuana "as authorized" by the AMMA, *id.* § 36-2802(E), cannot "be considered to be under the influence of marijuana *solely* because of the presence of metabolites or components of marijuana that appear in insufficient concentration to cause impairment." *Id.* § 36-2802(D) (emphasis added).

¶16 Violations of § 28-1381(A)(3) include, but are not limited to, situations in which drivers have a non-impairing amount of certain drugs in their bodies. This reflects that the legislature, in seeking to combat the serious problem of impaired driving, recognized that for certain drugs it may be difficult to identify concentrations that definitively establish whether a defendant is impaired. *Harris*, 234 Ariz. at 347 ¶ 22, 322 P.3d at 164; *cf.* A.R.S. § 28-1381(A)(2) (proscribing driving with an alcohol concentration of .08 or more irrespective of proof of actual impairment). Thus, the (A)(3) offense does not require the state to prove that the defendant is in fact impaired "to the slightest degree," § 28-1381(A)(1), but instead requires the state to prove that the defendant has been driving or in control of a vehicle while any amount of the proscribed drugs or their impairing metabolites are present "in the person's body." *Id.* 28-1381(A)(3); *Harris*, 234 Ariz. at 347 ¶ 24, 322 P.3d at 164.

¶17 Section (A)(3) thus casts a net that embraces drivers who have proscribed drugs or their impairing metabolites in their bodies but who may or may not be impaired. By its terms, § 36-2802(D) does not shield registered qualifying patients from prosecution under (A)(3), but instead says they cannot be considered to be "under the influence" based solely on concentrations of marijuana or its metabolites that are insufficient to cause impairment. When read together, the statutory provisions suggest that the

AMMA gives qualifying patients a limited defense rather than a general immunity in (A)(3) prosecutions.

¶18 We reject, however, Petitioners' argument that qualifying patients can rely on the defense afforded by § 28-1381(D) for the use of prescribed drugs. Medical marijuana used pursuant to "written certifications" under the AMMA is not "prescribed," *see* A.R.S. §§ 36-2801(18), -2804.02(A)(1); and the § 28-1381(D) defense applies to drugs prescribed by a different class of licensed "medical providers" than those who may issue medical marijuana certifications. *Compare* A.R.S. § 28-1381(D) (defining "medical providers" as including licensed podiatrists, dentists, medical doctors, and osteopathic physicians) *with* § 36-2801(12) (defining "physician" as including licensed medical doctors and osteopathic, naturopathic, and homeopathic physicians).

¶19 Section 36-2802(D), rather than § 28-1381(D), defines the affirmative defense available to a registered qualifying patient to an (A)(3) charge. If their use of marijuana is authorized by § 36-2802(D), such patients cannot be deemed to be under the influence – and thus cannot be convicted under (A)(3) - based solely on concentrations of marijuana or its metabolite insufficient to cause impairment. Possession of a registry card creates a presumption that a qualifying patient is engaged in the use of marijuana pursuant to the AMMA, so long as the patient does not possess more than the permitted quantity of marijuana. A.R.S. § 36-2811(A)(1). That presumption is subject to rebuttal as provided under § 36-2811(2).

¶20 A qualifying patient may be convicted of an (A)(3) violation if the state proves beyond a reasonable doubt that the patient, while driving or in control of a vehicle, had marijuana or its impairing metabolite in the patient's body. The patient may establish an affirmative defense to such a charge by showing that his or her use was authorized by the AMMA - which is subject to the rebuttable presumption under § 36-2811(2) - and that the marijuana or its metabolite was in a concentration insufficient to cause impairment. The patient bears the burden of proof on the latter point by a preponderance of the evidence, as with other affirmative defenses. *See* A.R.S. § 13-205 ("[A] defendant shall prove any affirmative defense raised by a preponderance of the evidence.").

¶21 Petitioners contend that it is inappropriate to assign to qualifying patients the burden of showing that they did not have marijuana

concentrations sufficient to cause impairment because there is no commonly accepted threshold for identifying such concentrations. *Cf. Harris*, 234 Ariz. at 347 ¶ 22, 322 P.3d at 164 (noting that "there is no generally applicable concentration that can be identified as an indicator of impairment for illegal drugs"). This contention, however, argues in favor of assigning the burden to patients to prove, by a preponderance, that the marijuana concentration in their bodies while they were driving was not sufficient to cause impairment. The risk of uncertainty in this regard should fall on the patients, who generally know or should know if they are impaired and can control when they drive, rather than on the members of the public whom they encounter on our streets. *Cf. Harris*, 234 Ariz. at 346 ¶ 20, 322 P.3d at 163 (noting state's compelling interest in protecting public from drivers who may be impaired by consumption of controlled substances).

### B.

**¶22** Petitioners made no effort to show that the marijuana in their bodies was in an insufficient concentration to cause impairment. Instead, they argued that the AMMA categorically barred the (A)(3) charge, and they offered only their respective registry identification cards into evidence. Although evidence of possession of a registry card would generally be admissible in an (A)(3) prosecution to invoke the presumption that the patient was using marijuana pursuant to the AMMA, it does not suffice to establish the § 36-2802(D) affirmative defense. Any error by the trial court in excluding evidence of the registry cards was harmless in light of the stipulations by Petitioners that they had marijuana in their bodies while driving (blood tests revealed both THC and its impairing metabolite hydroxy-THC) and their failure to offer any evidence that the concentrations were insufficient to cause impairment.

### III.

**¶23** Rather than shielding registered qualifying patients from any prosecution under A.R.S. § 28-1381(A)(3), the AMMA affords an affirmative defense for those patients who can show, by a preponderance of the evidence, that the concentration of marijuana or its impairing metabolite in their bodies was insufficient to cause impairment. We vacate the opinion of the court of appeals and affirm the Petitioners' convictions.