NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RAYMOND DANIEL ROBBINS, *Appellant.*

No. 1 CA-CR 15-0584
FILED 9-15-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-128866-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Randall M. Howe joined.

**K E S S L E R**, Judge:

¶1          Robbins appeals the superior court's preclusion of evidence regarding his possession of a registry identification card ("AMMA Card") pursuant to the Arizona Medical Marijuana Act ("AMMA"). *See* Ariz. Rev. Stat. ("A.R.S") §§ 36-2801 to -2819 (2014).[1]  He argues the court committed reversible error by excluding evidence of his AMMA Card because doing so precluded an affirmative defense under the AMMA.  The State argues the court did not err because evidence of Robbins' AMMA Card was not relevant to Robbins' conviction under § A.R.S. 28-1381(A)(1) (2014) ("Subsection (A)(1)"), and that any error regarding his conviction under A.R.S. § 28-1381(A)(3) ("Subsection (A)(3)") was harmless. For the reasons stated below, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          In June 2014 at approximately 1:45 a.m., police officers M and R observed Robbins' vehicle veer into the bicycle lane while making a left turn.  After following Robbins and noticing that he continued to weave in and out of his lane, the officers conducted a traffic stop and noted a slight odor of marijuana.  When the officers asked Robbins for identification, he presented his AMMA Card because he could not find his driver's license.  Robbins stated he had smoked marijuana approximately two hours before the encounter, but he denied having ingested alcohol and showed officers he had an interlock device on his vehicle.  An officer trained in DUI detection arrived and administered field sobriety tests, noting that Robbins' eyes were bloodshot and watery and that Robbins was unable to successfully complete several of the tests.  Based on Robbins' driving, physical signs, and poor performance on the tests, the officers arrested him and obtained a blood sample.  Blood testing revealed methamphetamine, amphetamine, marijuana, and marijuana's metabolites.

---

[1]     We cite to the current statutes unless changes material to this decision have occurred.

**¶3**   The State indicted Robbins on two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, both class 4 non-dangerous, repetitive felonies. The State brought Count 1 pursuant to A.R.S. § 28-1381(A)(1), which criminalizes driving while under the influence of any drug "if the person is impaired to the slightest degree." The State brought Count 2 pursuant to A.R.S. § 28-1381(A)(3), which criminalizes driving "[w]hile there is any drug defined in § 13-3401[2] or its metabolite in the person's body." The State also alleged Robbins had nine prior felonies, was on probation at the time of the offense, and that eight aggravating factors applied.

**¶4**   Before trial, the State sought to preclude testimony that Robbins held an AMMA Card as a defense to Count 2, arguing the evidence was not relevant to the Subsection (A)(3) charge. Although Robbins conceded that the evidence would not affect the jury's determination as to Count 2, he nevertheless argued knowledge of his AMMA Card "would take the sting out of the fact that he might be impaired." The court granted the State's motion, with the caveat that the State could not suggest that Robbins possessed marijuana illegally and had to treat marijuana in the same manner it would treat any type of prescription drug.

**¶5**   The jury found Robbins guilty on both counts. At sentencing, the State proved two prior felony convictions and all eight aggravating factors. The superior court sentenced Robbins to an aggravated sentence of twelve years' imprisonment and community supervision for both counts, the sentences to be served concurrently.

**¶6**   Robbins timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) (2016), 13-4031 (2010), and 13-4033 (2010).

## DISCUSSION

**¶7**   Robbins argues the superior court erred by precluding evidence regarding his AMMA Card. He argues that: (1) he was entitled to present evidence that went to an affirmative defense, and (2) the court's error affected the verdict because Robbins was unable to show that his metabolite levels were impacted by his regular lawful use of marijuana.

---

2  Section 13-3401 includes marijuana, amphetamine, and methamphetamine. A.R.S. § 13-3401(6), (19) (Supp. 2015).

I.      Standard of Review

**¶8**      We review rulings on the admissibility of evidence for an abuse of discretion, and we consider only the facts presented at the suppression hearing. *State v. Newell*, 212 Ariz. 389, 396, ¶ 22 (2006). We view the disputed evidence in the "light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *State v. Harrison*, 195 Ariz. 28, 33, ¶ 21 (App. 1998) (citation omitted). "When a judge commits an error of law . . . in the process of reaching [a] discretionary conclusion, he may be regarded as having abused his discretion." *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 254, ¶ 10 (2003) (quotations and citations omitted). Interpreting rules, statutes, and constitutional provisions raises questions of law that we review *de novo*. *E.g. Pima County v. Pima Cty. Law Enforcement Merit Sys. Council,* 211 Ariz. 224, 227, ¶ 13 (2005) (rule and statute); *Duncan v. Scottsdale Med. Imaging, Ltd.,* 205 Ariz. 306, 308, ¶ 2 (2003) (statute and constitution).

**¶9**      Arizona law prohibits driving or being in actual physical control of a vehicle while under the influence of certain substances. *See* A.R.S. § 28-1381. The controlling statute, A.R.S. § 28-1381, addresses various categories of DUI; Subsection (A)(1) focuses on impairment, forbidding driving under the influence of any drug "if the person is impaired to the slightest degree," whereas Subsection (A)(3) focuses on the presence of certain drugs or their metabolite in the person's body. *Id.*; *see also Dobson v. McClennan*, 238 Ariz. 389, 391, ¶ 10 (2015).[3]

**¶10**      The AMMA immunizes registered qualifying patients for their medical use of marijuana, but it expressly denies immunity for "[o]perating, navigating or being in actual physical control of any motor vehicle . . . while under the influence of marijuana." A.R.S. § 36-2802(D); *see also Dobson*, 238 Ariz. at 391, ¶¶ 8-9. The AMMA clarifies that "a registered qualifying patient shall not be considered to be under the influence of marijuana solely because of the presence of metabolites or components of marijuana that appear in insufficient concentration to cause impairment." A.R.S. § 36-2802(D). Thus, the AMMA provides an

---

[3]      Robbins' trial proceeded while a petition for review was pending before the Arizona Supreme Court in *Dobson*. However, the holding from *Dobson* must be applied here because a "new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' from the past." *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

affirmative defense to a charge pursuant to Subsection (A)(3). *Dobson*, 238 Ariz. at 393, ¶¶ 19-20. This affirmative defense does not apply to Subsection (A)(1). *Id.* at 391, ¶ 11.

II.  Subsection (A)(1)

¶11  Although Robbins concedes the affirmative defense does not apply to Subsection (A)(1), he maintains the superior court erred by precluding evidence regarding his possession of an AMMA Card.  He argues any evidence that went to his tolerance for drugs was relevant to determining "impairment" pursuant to Subsection (A)(1). We disagree.

¶12  Under Subsection (A)(1), the State must only show that the defendant took "any drug" that caused impairment. *State v. George*, 233 Ariz. 400, 403, ¶ 12 (App. 2013) (citation omitted). "Whether a particular drug may cause a driver to be impaired is the driver's responsibility," and the driver bears personal responsibility for taking a drug and driving. *Id.* (citations omitted). Evidence of erratic driving, poor performance on field sobriety tests, and physical signs of impairment constitute evidence of impairment. *See State ex rel. McDougall v. Albrecht*, 168 Ariz. 128, 132 (App. 1991).

¶13  Here, the State presented evidence that Robbins showed signs of impairment and that his blood tested positive for marijuana, marijuana's metabolites, methamphetamine, and amphetamine. Thus, Robbins' failure to successfully complete the field sobriety tests and the presence of methamphetamine, amphetamine, and marijuana and its metabolites in his blood sufficed to demonstrate Robbins' guilt under Subsection (A)(1). Robbins' argument that the jury would have thought he was not impaired because he had an AMMA Card is simply speculative. Therefore, the court did not err by excluding the AMMA Card in regards to the Subsection (A)(1) charge.

III.  Subsection (A)(3)

    A.  Whether the Superior Court Erred

¶14  Robbins argues the superior court erred by precluding the evidence showing his possession of an AMMA card because he was entitled to assert an affirmative defense against the Subsection (A)(3) charge. We agree.

¶15  An AMMA patient may establish the affirmative defense to Subsection (A)(3) by showing that: (1) the patient's use was authorized by

the AMMA, and (2) the marijuana or its metabolite was in a concentration insufficient to cause impairment. *Dobson*, 238 Ariz. at 393, ¶ 20. Possession of an AMMA Card creates a presumption that a qualifying patient is engaged in the use of marijuana pursuant to the AMMA, so long as the patient does not possess more than the permitted quantity of marijuana. *Id.* at ¶ 19; A.R.S. § 36–2811(A)(1). Evidence of possession of an AMMA Card is generally admissible in a Subsection (A)(3) prosecution to invoke this presumption. *Dobson*, 238 Ariz. at 393, ¶ 22.

**¶16** When this issue was before the superior court, neither the parties nor the court had the benefit of the supreme court's decision in *Dobson*. However, under *Dobson*, Robbins was entitled to present an affirmative defense to Subsection (A)(3) and to present evidence in support of that defense. *See* A.R.S. § 13-205(A) (2010) ("[A] defendant shall prove any affirmative defense raised by a preponderance of the evidence."). The court therefore erred by excluding evidence of Robbins' AMMA Card. *See Twin City Fire*, 204 Ariz. at 254, ¶ 10 (stating a court abuses its discretion when it commits an error of law in making a discretionary conclusion).

B.      Whether the Error was Harmless

**¶17** Because the superior court erred in precluding evidence relating to Robbins' possession of an AMMA Card and Robbins objected to such preclusion, we employ harmless error review. Harmless error review places the burden on the State to prove beyond a reasonable doubt that the error did not contribute to or affect the verdict. *State v. Valverde*, 220 Ariz. 582, 585, ¶ 11 (2009). "The inquiry . . . is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error." *State v. Bible*, 175 Ariz. 549, 588 (1993) (citations omitted). We consider the error in light of all the evidence. *Id.* (citation omitted).

**¶18** The State argues any error regarding the Subsection (A)(3) conviction was harmless because substantial other evidence supported Robbins' conviction. It asserts the jury would still have concluded Robbins had drugs in his system because sufficient evidence showed his blood tested positive for methamphetamine and amphetamine. Robbins counters that knowledge of his AMMA Card and status may have contributed to or affected the jury's deliberation and the factual allegation of whether traces of amphetamine and methamphetamine were true. We agree with the State.

**¶19**      To convict Robbins under Subsection (A)(3), the State had to prove beyond a reasonable doubt that Robbins had methamphetamine, amphetamine, marijuana, or marijuana's metabolites in his body while driving. *See* A.R.S. §§ 28-1381, 13-3401. Subsection (A)(3) prohibits driving with any amount of an impairing substance in the body, regardless of impairment. *State ex rel. Montgomery v. Harris*, 234 Ariz. 343, 347, ¶ 24 (2014).

**¶20**      We conclude sufficient evidence supported Robbins' conviction under Subsection (A)(3) and, accordingly, that the superior court's error regarding Robbins' AMMA Card was harmless. In addition to a blood test showing Robbins' blood contained methamphetamine and amphetamine, the State presented two expert witnesses who testified regarding the methods used to test and confirm the blood results. Regardless of the presence of marijuana and its metabolites in Robbins' blood, sufficient evidence of the presence of methamphetamine and amphetamine in Robbins' blood supported the conviction under Subsection (A)(3). We therefore conclude the court's error was harmless.

## CONCLUSION

**¶21**      For the foregoing reasons, we affirm Robbins' convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA