OPINION
JOHNSEN, Judge:
¶ 1 We address in this special action the affirmative defense a medical marijuana eardholder may raise when charged with driving under the influence pursuant to Arizona Revised Statutes (“A.R.S.”) section 28-1381(A)(3) (2016).[1] The Arizona Medical Marijuana Act (“AMMA”) grants an affirmative defense to a defendant charged under § 28-1381(A)(3) who can show he or she is authorized to use medical marijuana and “that the concentration of marijuana or its impairing metabolite in [his or her body] was insufficient to cause impairment.” Dobson v. McClennen, 238 Ariz. 389, 393, ¶ 23, 361 P.3d 374 (2015). We grant relief to the petitioner in this case because the municipal court erred when it precluded evidence that he has an AMMA card. We vacate the petitioner’s conviction and remand for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶ 2 Police stopped petitioner Nadir Ishak at seven p.m. one day after they saw his car drift several inches into the next lane. An officer smelled marijuana as he approached Ishak’s car. Ishak told the officer he had been talking to his passenger and when he realized his car had moved into the other lane, he guided it back in place. The officer testified that when Ishak removed his sunglasses, he saw that Ishak’s eyes were bloodshot and “watery.” In response to the officer’s query about when he had last smoked marijuana, Ishak replied that he had done so upon awakening that morning. Ishak performed several field sobriety tests, and during one of the tests, he experienced “body tremors and eye tremors.”
¶ 3 The State charged Ishak with driving while “impaired to the slightest degree” under A.R.S. § 28-1381(A)(l) and driving with marijuana or its metabolite “in [his] body” under A.R.S. § 284.381(A)(3). Before trial, the State moved in limine to preclude evidence that Ishak possessed a medical marijuana card. Ishak objected, arguing the jury should not be misled “into thinking that it’s actually illegal for him to ingest” marijuana. In a ruling entered before the supreme court *366 decided Dobson, the municipal court granted the State’s motion, reasoning that evidence of Ishak’s medical marijuana card was irrelevant to the charges against him.
¶4 At trial, the arresting officer related that he had seen Ishak’s car drift into the adjacent lane and described how Ishak performed on the field sobriety tests. The State also called an expert who testified that a sample of Ishak’s blood taken after the stop contained a concentration of 26.9 ng/ml of the marijuana metabolite THC. The court, however, sustained Ishak’s objection that the State’s expert lacked foundation to testify whether those results showed a THC level “that causes impairment in the person.” For his part, Ishak called an expert who testified there “is no consensus” about the concentration of THC that causes impairment. As for the reading of 26.9 ng/ml, Ishak’s expert testified, “It’s a high number and it can impair some people, but I can’t tell you that number .,. will impair all people.”
¶ 6 The jury acquitted Ishak of driving while impaired under § 28-1381(A)(l) but convicted him of driving while marijuana or its metabolite was in his body under § 28-1381(A)(3). The municipal court sentenced Ishak to 180 days’ incarceration, suspending half the term.
¶ 6 By the time Ishak appealed his conviction to the superior court, our supreme court had decided Dobson. Based on that case, the superior court concluded that even if the municipal court erred by barring Ishak from mentioning his medical marijuana card, the error was harmless because Ishak has “not shown that he would have been able to obtain an expert who would have been willing to testify that [he] would not have been impaired at 26.9 ng/ml.”
JURISDICTION
¶ 7 We accept jurisdiction of Ishak’s petition for special action because he has “no equally plain, speedy, and adequate remedy by appeal,” Ariz. R.P. Spec. Act. 8(a), and because his case presents “an issue of statewide importance potentially affecting numerous DUI cases,” Cicoria v. Cole, 222 Ariz. 428, 430, ¶ 9, 215 P.3d 402 (App. 2009); see Dobson, 238 Ariz. at 391, ¶ 6, 361 P.3d 374.
DISCUSSION
¶ 8 In reviewing the merits of a superior court decision in a special action, we determine whether the court committed an error of law or whether the record lacks substantial support for its decision. Files v. Bernal, 200 Ariz. 64, 66, ¶ 2, 22 P.3d 67 (App. 2001). We review de novo questions of statutory interpretation. Dobson, 238 Ariz. at 391, ¶ 7, 361 P.3d 374.
¶ 9 Under A.R.S. § 28-1381(A)(3), and as relevant here, a person may be convicted of driving while under the influence if the person has marijuana “or its metabolite” in his or her body. Construing the statute “sensibly,” however, our supreme court has clarified that § 28-1381(A)(3) does not proscribe driving with “any byproduct” of marijuana in one’s body. State v. Harris, 234 Ariz. 343, 345, ¶¶ 13, 14, 322 P.3d 160 (2014). Instead, the statute makes it a crime for a person to drive with a metabolite that is “capable of causing impairment.” Id. at 347, ¶ 24, 322 P.3d 160. Such an interpretation is consistent with the legislature’s overarching intent to “prevent and punish impaired driving.” Id. at 346, ¶ 19, 322 P.3d 160.
¶ 10 In Dobson, the court took up the cases of two medical marijuana cardholders convicted of driving in violation of § 28-1381(A)(3). At issue was a provision in the AMMA that grants broad immunity to a cardholder who “does not possess more than the allowable amount of marijuana.” A.R.S. § 36-2811(B)(1) (2016); see Dobson, 238 Ariz. at 391, ¶ 8, 361 P.3d 374. The court pointed out that the immunity the AMMA grants to a qualifying patient, while broad, “is not absolute.” Dobson, 238 Ariz. at 391, ¶ 9, 361 P.3d 374. The court cited AR.S. § 36-2802(D) (2016), which expressly allows prosecution of a medical marijuana cardholder in some circumstances, with one important limitation:
This chapter does not authorize any person to engage in, and does not prevent the imposition of any civil, criminal or other penalties for engaging in, the following conduct:
*367 [[Image here]]
D. Operating, navigating or being in actual physical control of any motor vehicle ... while under the influence of marijuana, except that a registered qualifying patient shall not be considered to be under the influence of marijuana solely because of the presence of metabolites or components of marijuana that appear in insufficient concentration to cause impairment.
(Emphasis added.) See Dobson, 238 Ariz. at 391, ¶ 9, 361 P.3d 374.
¶ 11 Dobson rejected both the State’s contention that § 36-2802(D) does not apply to a prosecution under § 28-1381(A)(3) and the defendants’ contention that the statute confers an absolute immunity from a prosecution under § 28-1381(A)(3). 238 Ariz. at 392, ¶¶ 13-15, 361 P.3d 374. Instead, the court concluded that, when charged with violating § 28-1381(A)(3), a “patient may establish an affirmative defense to such a charge by showing that his or her use was authorized by the AMMA ... and that the marijuana or its metabolite was in a concentration insufficient to cause impairment.” 238 Ariz. at 393, ¶ 20, 361 P.3d 374. As with other affirmative defenses, such a defendant “bears the burden of proof ... by a preponderance of the evidence.” Id., citing A.R.S. § 13-205 (2016).
¶ 12 Under Dobson, the municipal court in this ease erred by precluding Ishak from offering evidence to support the premise of a cardholder’s affirmative defense under § 36-2802(D)—that because he was authorized to use medical marijuana, the mere presence of a marijuana metabolite in his bloodstream was not a violation of AR.S. § 28-1381(A)(3). Moreover, based on the record before us, had the court allowed Ishak to offer evidence of his AMMA card, we cannot say that a properly instructed jury would have rejected his affirmative defense. Although the arresting officer testified Ishak displayed some symptoms of impairment during field sobriety tests, Ishak’s counsel vigorously cross-examined the officer, suggesting other explanations for the behaviors the officer observed. Ishak’s expert also testified that Ishak’s performance on the field sobriety tests did not prove he was under the influence of marijuana. As for Ishak’s blood test results, the jury heard no testimony that the concentration of THC in Ishak’s blood was sufficient to cause impairment in all persons, in most persons, or even that, to a reasonable degree of scientific certainty, it proved that Ishak was impaired. Moreover, in acquitting Ishak of the § 28-1381(A)(l) charge, the jury specifically found the State had not proven beyond a reasonable doubt that Ishak was “impaired to the slightest degree.”
¶ 13 The State, however, argues Ishak was not prejudiced by the preclusion of his medical marijuana card because he offered no evidence that the concentration of THC in his blood was insufficient to cause impairment in any human being. The State contends § 36-2802(D) requires a cardholder in Ishak’s position to offer expert testimony that the concentration of THC in the sample result is “insufficient ... to cause impairment in people generally,” or “in any person,” without regard to whether the defendant actually was impaired at the time of the stop. The State argues that in this inquiry, evidence of how that defendant was driving, or how he or she looked, acted or performed when stopped is not relevant. According to the State, Ishak’s belief as to whether his driving was influenced by his use of marijuana is likewise irrelevant. Rather, the State asserts “[t]he question is one involving scientific or technical knowledge, not one rationally based on a witness’s perception.”
¶ 14 Neither the AMMA nor Dobson, however, requires a medical marijuana cardholder charged with violating § 28-1381(A)(3) to offer proof that the concentration of THC in his or her blood was insufficient to cause impairment “in people generally” or in any person. To the contrary, unless and until some law establishes a non-rebuttable level of THC at which a driver is presumed to be impaired, the affirmative defense available to a qualifying AMMA cardholder charged with violating § 28—1381(A)(3) requires proof that he or she was not actually impaired, not whether, in the abstract, the same THC concentration could not impair any human being.
¶ 15 That much is clear from the language of § 36-2802(D), which, under Dobson, is the basis for a medical marijuana user’s “affirma *368 tive defense to an (A)(3) charge.” 238 Ariz. at 391, ¶ 11, 361 P.3d 374. Under the first part of the single sentence that constitutes § 36-2802(D), the State may prosecute a cardholder who operates a motor vehicle “while under the influence of marijuana.” The second part of the sentence defines the affirmative defense the supreme court identified in Dobson: A cardholder “shall not be considered to be under the influence of marijuana solely because of the presence of metabolites or components of marijuana that appear in insufficient concentration to cause impairment.” Given the premise of a cardholder’s potential liability under § 36-2802(D) (i.e., whether the cardholder drove “while under the influence of marijuana”), the affirmative defense as construed by Dobson does not require proof of the effect of the defendant’s THC level on a hypothetical driver; instead, the focus of the affirmative defense must be on the effect of the THC concentration on the defendant cardholder.
¶ 16 Further supporting this conclusion is the reality that, at present, there is no presumptive impairment limit established by law, and, according to the evidence here, there is no scientific consensus about the concentration of THC that generally is sufficient to impair a human being. See Harris, 234 Ariz. at 347, ¶ 22, 322 P.3d 160 (“unlike alcohol, there is no generally applicable concentration that can be identified as an indicator of impairment for illegal drugs”). In acknowledging that fact, Dobson did not conclude, as the State argues, that the qualified immunity the AMMA affords is worthless to a cardholder who is unable to offer an expert’s opinion that the concentration of THC in his or her body is insufficient to impair anyone. To the contrary, in concluding that the absence of a scientific consensus “argues in favor of assigning the burden” to the cardholder, the court explained that “[t]he risk of uncertainty in this regard should fall on the patients, who generally know or should know if they are impaired and can control when they drive, rather than on the members of the public whom they encounter on our streets.” 238 Ariz. at 393, ¶ 21, 361 P.3d 374. The court thus made plain that the affirmative defense hinges on whether the cardholder is impaired, not on whether his or her concentration of THC is insufficient to impair any other human being.[2]
¶ 17 We also do not accept the State’s contention that a cardholder must present expert testimony to establish the affirmative defense. Under the State’s view, the affirmative defense hinges solely on expert witness testimony about THC concentration; other evidence about whether the defendant actually was impaired is irrelevant.
¶ 18 Nothing in the statute or in Dobson, however, requires a cardholder to present expert testimony (or precludes a cardholder from offering non-expert testimony) on the question of whether the cardholder was impaired due to THC. See Ariz. R. Evid. 701 (allowing lay person to give opinion testimony that is “not based on scientific, technical or other specialized knowledge”); cf. Esquivel v. Nancarrow, 104 Ariz. 209, 213, 460 P.2d 399 (1969) (“lay witnesses who have had a sufficient opportunity to observe a person may testify as to whether that person appears to be intoxicated”). In addition to expert witness testimony, a cardholder’s own testimony—and, as appropriate, the testimony of other lay witnesses who were in a position to observe the cardholder’s behavior—may be relevant and admissible for the purpose of establishing the affirmative defense.
¶ 19 The Dobson court observed that the defendants there “made no effort to show that the marijuana in their bodies was in an insufficient concentration to cause impairment,” so that any error in the exclusion of them medical marijuana cards was harmless, given the defendants’ “failure to offer any evidence” on the point. 238 Ariz. at 393, ¶ 22, 361 P.3d 374. If, as the State argues, § 36-2802(D) requires a cardholder to prove by expert testimony that the concentration was *369 insufficient to cause impairment in any human being, the Dobson court could have ended its analysis of prejudice by simply observing that the defendants offered no such expert testimony; there would have been no reason to note the defendants’ generalized failure to offer any evidence to support the affirmative defense.
¶20 In sum, an authorized medical marijuana user charged with violating § 28-1381(A)(3) may establish the affirmative defense afforded by § 36-2802(D) by showing by a preponderance of the evidence that the marijuana metabolite concentration in his or her system was insufficient to cause him or her to be impaired at the time he or she operated or was in actual physical control of a motor vehicle. The cardholder may satisfy that burden by, inter alia, cross-examining the arresting officer and the State’s expert forensic scientist and/or by offering any admissible evidence (including his or her own testimony) relevant to proving whether he or she was impaired at the time of the stop. That evidence may or may not include, as here, expert testimony that the cardholder’s THC concentration is not always sufficient to cause impairment.
CONCLUSION
¶ 21 For the foregoing reasons, we accept jurisdiction and grant relief insofar as we vacate Ishak’s conviction under § 28-1381(A)(3) and remand to the municipal court for further proceedings.[3]

. Absent material revision after the date of an alleged offense, we cite a statute’s current version.

. Our dissenting colleague argues this conclusion renders § 28—1381 (A)(3) superfluous as applied to AMMA cardholders who can prove they are not impaired. ¶¶ 26-27 infra. If so, that may be the unavoidable product of a sensible construction of the affirmative defense provision that the voter-approved AMMA imposed on a long-existing legislative scheme. That the fit is not perfect does not justify a strained reading of the affirmative defense set forth in § 36-2802(D).

. The jury's not-guilty verdict on the charge of violating § 28—1381(A)(1) (driving while "impaired to the slightest degree”) does not mean that Ishak may not be retried on the (A)(3) charge because the respective burdens of proof the law imposes in connection with the two charges are not congruent. In finding Ishak not guilty of the former charge, the jury found the State had not proved beyond a reasonable doubt that Ishak was impaired; to support his affirmative defense to the (A)(3) charge, Ishak has the burden to show by a preponderance of the evidence that he was not impaired.