NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

TRAVIS LANCE DARRAH, *Petitioner*,

*v.*

THE HONORABLE CRANE MCCLENNEN, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge*,

CITY OF MESA PROSECUTOR'S OFFICE, *Real Party in Interest*.

No. 1 CA-SA 14-0054
FILED 8-31-2017

———————————————

Petition for Special Action from the Superior Court in Maricopa County
No.  LC2013-000517-001 DT
The Honorable Crane McClennen, Judge, Retired

**RELIEF GRANTED**

———————————————

COUNSEL

Benikov Law Firm, Phoenix
By Alexander Y. Benikov
*Counsel for Petitioner*

Mesa City Prosecutor's Office, Mesa
By W. Craig Jones
*Counsel for Real Party in Interest*

_____

**MEMORANDUM DECISION**

_____

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Margaret H. Downie joined.

_____

**B R O W N**, Judge:

¶1　　　　In this special action, we consider whether the municipal court erred by precluding petitioner, Travis Lance Darrah, from presenting evidence that his marijuana use was authorized by the Arizona Medical Marijuana Act ("AMMA"). For the reasons set forth below, we grant relief by vacating Darrah's conviction and remanding to the municipal court for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2　　　　The State charged Darrah, an authorized medical marijuana user under the AMMA, with two counts of driving under the influence ("DUI"). Count one alleged a violation of Arizona Revised Statutes ("A.R.S.") section 28-1381(A)(1), which prohibits a person from driving a vehicle while under the influence of drugs "if the person is impaired to the slightest degree." Count two alleged a violation of § 28-1381(A)(3), which prohibits driving while there is a prohibited drug or its metabolite in the person's body. Testing revealed that Darrah had 4.0 ng/ml of delta-9-tetrahydrocannabinol ("THC"), an active component of marijuana, in his blood.

¶3　　　　Before trial, the municipal court granted the State's motion in limine to preclude evidence that Darrah possessed a medical marijuana card at the time of the offense, ruling that the card was irrelevant to the charge. The jury acquitted Darrah of driving while impaired under A.R.S. § 28-1381(A)(1) but found him guilty of driving while marijuana or its metabolite was in his body under § 28-1381(A)(3).

¶4　　　　On appeal, the superior court affirmed Darrah's conviction, and he petitioned for special action relief. We accepted special action jurisdiction but denied relief, holding that the AMMA did not bar the State from prosecuting Darrah under (A)(3). *Darrah v. McClennen (Darrah I)*, 236 Ariz. 185, 185-86, ¶¶ 1, 4 (App. 2014). We therefore affirmed the conviction and sentence. *Id.* at 187, ¶ 8. Darrah then sought review by the Arizona Supreme Court.

¶5    While Darrah's petition for review was pending, the supreme court decided *Dobson v. McClennen*, 238 Ariz. 389 (2015), holding that although the AMMA does not categorically bar prosecuting an authorized marijuana user for DUI under (A)(3), A.R.S. § 36-2802(D) provides a "limited" affirmative defense.  238 Ariz. at 392-94, ¶¶ 17, 23.  Thus, a registered qualifying patient is entitled to present evidence that his or her marijuana use was authorized by the AMMA, and that the amount of marijuana in the patient's body was in an amount insufficient to cause impairment.  *Id.* at 393, ¶ 20.  The court further held, however, that the error was harmless, because the defendants "made no effort to show that the marijuana in their bodies was in an insufficient concentration to cause impairment."  *Id.* at ¶ 22.  The supreme court then vacated our decision in *Darrah I*, and directed us to reconsider this case in light of *Dobson*.  *Darrah v. McClennen/Mesa*, No. CV-14-0303-PR, 2015 WL 7759889, at *1 (Ariz. Dec. 1, 2015) (order).  The parties then submitted supplemental memoranda to this court addressing *Dobson*.

¶6    In the meantime, a different panel of this court decided *Ishak v. McClennen*, 241 Ariz. 364 (App. 2016), which applied *Dobson* in a special action involving a defendant convicted of DUI who argued he was wrongfully denied the opportunity to present evidence that he possessed a valid medical marijuana card at the time of the offense.  *See* 241 Ariz. at 365-66, ¶¶ 1, 3.  In a split decision, the court vacated the defendant's conviction, concluding the municipal court's error in precluding AMMA-related evidence was not harmless.  *Id.* at 368-69, ¶¶ 12, 21.  In light of *Dobson* and *Ishak*, we now consider whether the municipal court erred by precluding Darrah from presenting evidence that his marijuana use was authorized by the AMMA.

**DISCUSSION**

¶7    When charged with violating § 28-1381(A)(3), a defendant "may establish an affirmative defense to such a charge by showing": (1) "that his or her use was authorized by the AMMA . . . and [(2)] that the marijuana or its metabolite was in a concentration insufficient to cause impairment."  *Dobson*, 238 Ariz. at 393, ¶ 20.  The defendant bears the burden of proving the affirmative defense by a preponderance of the evidence.  *See id.*; A.R.S. § 13-205(A).  If the defendant provides "more than a mere scintilla of evidence" as to both elements of the *Dobson* affirmative defense, the trial court must instruct the jury accordingly.  *See State v. Strayhand*, 184 Ariz. 571, 593-94 (App. 1995) (explaining that "[a] defendant is entitled to an instruction on any theory of defense which is recognized by

law and supported by the evidence," and "an instruction must be given if there is evidence upon which the jury could rationally sustain the defense").

¶8 The State alleges that the *Dobson* affirmative defense requires proof that the concentration of marijuana in a cardholder's bloodstream is insufficient to cause impairment in *any* person, not just the charged cardholder. But even assuming such a requirement, the State's argument fails. Although the State asserts there was "a complete lack of evidence" supporting the affirmative defense, Darrah presented evidence (including his own testimony) from which the jurors could have concluded that Darrah established the affirmative defense if they had been instructed consistent with the statutory language underlying the defense.[1]

¶9 *Dobson* did not qualify the type of evidence a defendant must present to establish the affirmative defense under the AMMA. Rather, the supreme court acknowledged there is no widely accepted concentration of marijuana considered objectively sufficient to cause impairment; thus, the burden of proving the affirmative defense is on the cardholder, who "generally know[s] or should know" whether he or she is impaired and unable to safely control a vehicle. *Dobson*, 238 Ariz. at 393, ¶ 21 (citing *State ex rel. Montgomery v. Harris*, 234 Ariz. 343, 346, ¶ 20 (2014)); *see also Ishak*, 241 Ariz. at 368, ¶ 16. In *Ishak*, the majority therefore held that the affirmative defense articulated in *Dobson* may be established "by, *inter alia*, cross-examining the arresting officer and the State's expert forensic scientist and/or by offering any admissible evidence (including his or her own testimony) relevant to proving whether he or she was impaired at the time of the stop." 241 Ariz. at 369, ¶ 20. As such, a cardholder's individualized opinion that he or she was not impaired at the time of the offense may be relevant to establishing the *Dobson* affirmative defense. *See id.* at 368, ¶ 18.

¶10 *Ishak* rejected the State's argument that the defendant must present expert testimony to establish the affirmative defense. *Id.* at 367-68,

---

[1] We note that in *Ishak*, the majority rejected the argument that the affirmative defense requires a showing that the concentration of marijuana in the body was insufficient to cause impairment in any person. The majority held that the affirmative defense "requires proof that he or she was not actually impaired, not whether, in the abstract, the same THC concentration could not impair any human being." 241 Ariz. at 367, ¶ 14. The dissenting judge concluded that a defendant can be convicted without regard to "actual impairment" if the concentration of THC or its metabolite is in an amount sufficient to cause impairment in people generally. *Id.* at 370-71, ¶¶ 27-28 (Howe, J., concurring in part and dissenting in part).

¶¶ 13, 17-18.  The court noted that in *Dobson,* although the defendants did not present expert testimony, our supreme court did not find harmless error on that basis, but rather, the error was harmless because the defendants "made no effort to show that the marijuana in their bodies was in an insufficient concentration to cause impairment."  *Id.* at 368-69, ¶ 19 (quoting *Dobson*, 238 Ariz. at 393, ¶ 22).  The *Dobson* court thus left open the possibility that the affirmative defense may be established through evidence other than expert testimony, including, for example, evidence demonstrating a lack of actual impairment.  *Id.* at 368-69, ¶¶ 18-19.

¶11          Here, Darrah testified that he was not impaired while driving at the time of the offense:

> Q:  At the time that you were with the officers that night, were you under the influence of marijuana, cannabis, THC?
>
> A:  No.  I hadn't used since the night before.  And I didn't feel like I was under the influence at that time when he pulled me over, and I even verbally expressed my opinion to him on several different levels.
>
> Q:  Okay.  When you were doing the field sobriety tests, were you feeling the effects of marijuana?
>
> A:  No.

¶12          Moreover, the municipal court considered expert testimony from the State's expert that arguably supported Darrah's affirmative defense.  On cross-examination, the State's expert testified that while the concentration of marijuana found in Darrah's blood, 4.0 ng/ml of THC, *may* have been sufficient to cause impairment, it was not possible to conclude, to a legal certainty, that Darrah was in fact impaired.  The expert explained that the concentration level at which Darrah tested was below the range at which impairment is likely and was instead in the range at which impairment could possibly result.  The expert further stated that there is no consensus or agreement within the scientific community that a certain number or amount of THC in a person's body establishes impairment, and she testified that she could not state for certain whether Darrah was impaired.

¶13          Given this record, there was relevant evidence supporting the second element of the *Dobson* affirmative defense (that the marijuana in his system at the time of the offense was in a concentration insufficient to cause impairment).  *See* Ariz. R. Evid. 401 ("Evidence is relevant if . . . it has any

tendency to make a fact more or less probable than it would be without the evidence."). If Darrah had been permitted to present proof regarding the first element (that he had consumed marijuana pursuant to the AMMA), he would have been entitled to argue to the jury that his marijuana use was authorized by the AMMA and that the concentration found in his body was insufficient to impair his driving. *See Strayhand*, 184 Ariz. at 593-94 (recognizing a defendant's entitlement to a jury instruction on a defense recognized by law). And there was evidence from which a properly instructed jury might have concluded that Darrah had established this affirmative defense. Accordingly, the municipal court's error precluding Darrah from demonstrating that he possessed a valid Arizona medical marijuana card was not harmless. *See Dobson*, 238 Ariz. at 393, ¶ 22 (explaining that "evidence of possession of a registry card would generally be admissible in an (A)(3) prosecution" to show that the cardholder's marijuana use was authorized by the AMMA); *see also Ishak*, 241 Ariz. at 367, ¶ 12 (finding exclusion of the AMMA card was not harmless error because the defendant had presented some evidence of the affirmative defense).

## CONCLUSION

¶14        Based on the foregoing, we grant relief by vacating Darrah's conviction and remanding to the municipal court for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA

6