IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MEREDITH J. ABDI, *Appellant.*

No. 1 CA-CR 13-0909
FILED 2-26-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-150070-001
The Honorable Teresa A. Sanders, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adele G. Ponce
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

**OPINION**

Presiding Judge Andrew W. Gould delivered the opinion of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

**G O U L D,** Judge:

¶1        Meredith J. Abdi appeals her conviction and sentence for possession of marijuana, a class one misdemeanor.  For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

¶2        Prior to Abdi's bench trial, the State filed a motion in limine to preclude evidence that she was registered with the Oregon Health Authority as a caregiver to administer medical marijuana.  Abdi's registration card listed her father, a resident of Oregon, as her patient.  The trial court granted the motion, reasoning that the Arizona Medical Marijuana Act did not provide a defense for persons registered as caregivers in another state.

¶3        The evidence at trial showed that at approximately 4 a.m., a police officer saw Abdi's vehicle parked in a vacant dirt lot.  The officer approached the vehicle and asked Abdi to roll down the window; when she did so, the officer smelled the odor of burning marijuana.  The officer asked Abdi where the marijuana was, and she responded by handing him a clear plastic bag later found to contain 5.07 grams of marijuana.

¶4        The officer transported Abdi to the police station where she waived her *Miranda* rights and agreed to speak to him.  *Miranda v. Arizona*, 384 U.S. 436 (1966).  According to the officer, Abdi told him that she had been smoking marijuana that morning.  She stated the marijuana had been given to her by her sister, and that she smoked it to calm down from her work as a registered nurse.  Abdi also stated that she knew it was illegal to possess marijuana.

¶5        When Abdi testified at trial, however, she provided a different version of the incident.  Abdi testified that while she knew the marijuana was in the vehicle, she did not smoke it.  Abdi claimed that the marijuana had been left behind by her father, "my patient."  She testified that she had told the officer she was registered as a caregiver in Oregon and it was legal for her to possess marijuana.

¶6        Based on Abdi's testimony, defense counsel urged the court to reconsider its prior ruling and take into account Abdi's possession of a

---

[1]        We view the trial evidence in the light most favorable to sustaining the verdict.  *See State v. Nelson*, 214 Ariz. 196, 196, ¶ 2 (App. 2007).

caregiver card from Oregon, as well as the presumptions afforded a caregiver under the Arizona Medical Marijuana Act. The court denied the request, and found Abdi guilty of possession of marijuana. The court suspended Abdi's sentence and imposed one year of unsupervised probation. Abdi filed a timely notice of appeal.

## DISCUSSION

**¶7** Abdi argues the trial court deprived her of her constitutional right to present a defense by precluding evidence of her Oregon medical marijuana caregiver card. Specifically, Abdi asserts that under the Arizona Medical Marijuana Act, she was entitled to immunity for possessing the marijuana because she was registered in Oregon as an authorized caregiver for a medical marijuana patient.

**¶8** We review rulings on the admissibility of evidence for abuse of discretion, *State v. Roscoe,* 184 Ariz. 484, 491 (1996), and questions of constitutional law and statutory interpretation *de novo*. *See State v. Ellison,* 213 Ariz. 116, 129, ¶ 42 (2006). "The best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction." *State ex rel. Montgomery v. Harris*, 234 Ariz. 343, 344, ¶ 8 (2014) (internal citations and punctuation omitted).

**¶9** Under the Arizona Medical Marijuana Act, a patient with a qualifying debilitating medical condition may obtain a registry identification card from the Arizona Department of Health Services that permits her to possess and use marijuana for medical purposes. Arizona Revised Statute ("A.R.S.") § 36-2804.02(A);[2] A.R.S. §§ 36-2801(4) and (13). In her application, the "qualifying patient" may designate a caregiver to assist her in her use of medical marijuana. A.R.S. § 36-2804.02(A)(3)(c). If the caregiver agrees to assist with the patient's medical use of marijuana and meets the other qualifications set forth in the statute, she may obtain a registry identification card from the department identifying her as a "designated caregiver." *See* A.R.S. § 36-2804.03(A)(1) and (2); A.R.S. § 36-2804.04(A); A.R.S. § 36-2804.05(B); A.R.S. § 36-2801(2) and (5).

**¶10** With defined exceptions, the Arizona Medical Marijuana Act provides immunity from prosecution to a registered qualifying patient for

---

[2]    We cite to the current versions of the statutes, which have not been amended in material part since the date of this offense.

the medical use of marijuana, and to a registered designated caregiver assisting a registered qualifying patient in the medical use of marijuana. A.R.S. § 36-2811(B); A.R.S. § 36-2802. Thus, a person in possession of a registry identification card issued by the Arizona Department of Health Services identifying her as either a "qualifying patient" or a "designated caregiver" is accorded a rebuttable presumption that, if she possesses two and one-half ounces or less of marijuana, she is engaged in the lawful medical use of marijuana. *See* A.R.S. §§ 36-2811(A), (B); A.R.S. § 36-2801(1).

¶11 The Act gives a qualifying patient issued a registry identification card by another state the same presumptions and immunities when she visits Arizona. A.R.S. § 36-2804.03(C). The Act states, in relevant part:

> A registry identification card, or its equivalent, that is issued under the laws of another state…that allows a visiting qualifying patient to possess or use marijuana for medical purposes in the jurisdiction of issuance has the same force and effect when held by a visiting qualifying patient as a registry identification card issued by the department, except that a visiting qualifying patient is not authorized to obtain marijuana from a nonprofit medical marijuana dispensary.

*Id*. The legislature defines "visiting qualifying patient" as a person who is not a resident of Arizona or who has been a resident for less than 30 days, who has been "diagnosed with a debilitating medical condition." A.R.S. § 36-2801(17).

¶12 A.R.S. section 36-2804.03(C) expressly applies only to visiting patients; it makes no reference to a "visiting designated caregiver." *Id*. The choice of wording in a statute rests with the legislature, and we will not read a provision into A.R.S. § 36-2804.03(C) to include visiting authorized caregivers when the legislature has chosen not to do so. *City of Phoenix v. Butler*, 110 Ariz. 160, 162 (1973) ("The choice of the appropriate wording rests with the Legislature, and the court may not substitute its judgment for that of the Legislature.") (citation omitted); *State v. Roscoe*, 185 Ariz. 68, 71 (1997) ("A well established rule of statutory construction provides that the

expression of one or more items of a class indicates an intent to exclude all items of the same class which are not expressed.") (citation omitted).[3]

**¶13**  Based on the express language of A.R.S. § 36-2804.03(C), the Arizona Medical Marijuana Act does not provide a defense based on possession of an out-of-state caregiver card. As a result, the trial court did not abuse its discretion or violate Abdi's right to present a defense by precluding her from introducing evidence of her status as a registered caregiver under Oregon's medical marijuana statute. *See Dobson v. McClennen*, 236 Ariz. 203, 208, ¶ 16 (App. 2014) (holding that court did not err in precluding evidence that petitioners held medical marijuana cards at the time of their offenses, because A.R.S. § 28-1381(D) does not provide an affirmative defense to an (A)(3) charge based on marijuana use).

## CONCLUSION

**¶14**  For the foregoing reasons, we affirm Abdi's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[3] Additionally, Abdi's caregiver registration card states that she is a resident of Arizona. The scope of A.R.S. § 36-2804.03(C) is limited to visiting patients as defined by A.R.S. § 36-2801(17); it does not apply to resident patients or caregivers.