IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

STANLEY K. KEMMISH, JR., *Appellee*.

No. 1 CA-CR 17-0417
FILED 3-15-2018

Appeal from the Superior Court in La Paz County
No. S1500CR201600241
The Honorable Samuel E. Vederman, Judge (retired)

**AFFIRMED**

COUNSEL

La Paz County Attorney's Office, Parker
By Joshua C. Smith
*Counsel for Appellant*

Coolidge Law Firm P.L.L.C., Chandler
By Todd K. Coolidge
*Counsel for Appellee*

---

**OPINION**

Judge Paul J. McMurdie delivered the opinion of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

¶1 The State appeals the superior court's order dismissing the State's indictment against Stanley K. Kemmish, Jr. We hold that under Arizona Revised Statutes ("A.R.S.") section 36-2804.03(C), a physician's recommendation letter issued pursuant to California's Compassionate Use Act is equivalent to a registry identification card issued to an Arizona resident under Arizona's Medical Marijuana Act ("Act") and a visiting qualifying patient, as defined by the Act, is entitled to possess and use medical marijuana in Arizona. Accordingly, we affirm the superior court's dismissal of the indictment.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 On August 24, 2016, two Arizona Department of Public Safety officers stopped Kemmish, a California resident, for failing to have required headlamps. During the traffic stop, the officers noticed a marijuana odor emanating from the vehicle and observed a white pipe with black residue in plain view. The officers conducted a search of Kemmish's vehicle, and he admitted the pipe was his. He also told the officers he had medical-grade marijuana in the vehicle that he purchased in California. The officers found the marijuana and marijuana/THC wax in the vehicle. The officers asked Kemmish whether he had a medical marijuana card. Kemmish told the officers he had a document permitting him to purchase medical marijuana in California, and showed the officers a physician's recommendation letter obtained pursuant to California's Compassionate Use Act. The physician's recommendation letter stated that in the physician's "professional opinion, [Kemmish] would significantly benefit from the use of medical marijuana," and "approve[d] the use of cannabis as medicine."

¶3 The State indicted Kemmish on one count of possession of narcotic drugs (THC wax), one count of possession of marijuana, and one count of possession of drug paraphernalia. Kemmish moved to dismiss the indictment with prejudice, arguing that under the Act his physician's

recommendation letter allowed him to possess the THC wax and marijuana in Arizona. After oral argument, the superior court granted the motion and dismissed the charges against Kemmish. The State timely appealed, and we have jurisdiction pursuant to A.R.S. § 13-4032(1).

## DISCUSSION

**¶4**　　　We review a superior court's decision to grant a motion to dismiss for an abuse of discretion, *State v. Rodriguez*, 205 Ariz. 392, 395, ¶ 7 (App. 2003), but review questions of statutory interpretation *de novo*, *State v. Gear*, 239 Ariz. 343, 345, ¶ 11 (2016).

### A.　　Arizona and California's Medical Marijuana Statutes.

**¶5**　　　Arizona voters enacted the Act, A.R.S. §§ 36-2801 to -2819, by ballot initiative in 2010. *Gear*, 239 Ariz. at 344, ¶ 2. The Act "authorizes medical use of marijuana and immunizes qualified patients . . . from criminal prosecution in certain circumstances relating to the purchase and possession of marijuana." *Parsons v. ADHS*, 242 Ariz. 320, 324, ¶ 14 (App. 2017); *see also* A.R.S. § 36-2811(B). Under the Act, a qualifying patient may apply to the Department of Health Services ("Department") for a registry identification card[1] by submitting a written certification issued by a physician. A.R.S. § 36-2804.02(A). A written certification must specify the patient's debilitating medical condition,[2] be signed by the physician, and state "that in the physician's professional opinion the patient is likely to receive therapeutic or palliative benefit from the medical use of marijuana to treat or alleviate the patient's debilitating medical condition or symptoms associated with the . . . condition." A.R.S. § 36-2801(18). A

---

[1]　　A "registry identification card" is a "document issued by the department that identifies a person as a registered qualifying patient," A.R.S. § 36-2801(14), and contains the cardholder's photograph, name, address, and birth date; the card's issuance and expiration dates; and a unique identification number, A.R.S. § 36-2804.04(A).

[2]　　"Debilitating medical condition" is defined by the Act and is limited to listed medical conditions or their treatments, unless the Department approves an additional condition or treatment after receiving a petition from the public. A.R.S. §§ 36-2801(3), -2801.01; *see also Arizona Cannabis Nurses Ass'n v. ADHS*, 242 Ariz. 62, 64–65, ¶ 3 (App. 2017).

"qualifying patient" is a "person who has been diagnosed by a physician as having a debilitating medical condition." A.R.S. § 36-2801(13).

¶6          The Act also gives "visiting qualifying patients"[3] the same presumptions and immunities as a qualifying patient with an Arizona registry identification card. *See* A.R.S. § 36-2804.03(C); *State v. Abdi*, 236 Ariz. 609, 611, ¶ 11 (App. 2015). Section 36-2804.03(C) states:

> A registry identification card, *or its equivalent*, that is issued under the laws of another state . . . that allows a visiting qualifying patient to possess or use marijuana for medical purposes in the jurisdiction of issuance has the same force and effect when held by a visiting qualifying patient as a registry identification card issued by the department, except that a visiting qualifying patient is not authorized to obtain marijuana from a nonprofit medical dispensary.

(emphasis added).

¶7          California has enacted two statutory schemes for medical marijuana possession. *See Browne v. County of Tehama*, 153 Cal. Rptr. 3d 62, 66–67 (App. 2013). In 1996, California voters adopted the Compassionate Use Act. Cal. Health & Safety Code § 11362.5; *Browne*, 153 Cal. Rptr. 3d at 66. The Compassionate Use Act grants a "limited immunity from prosecution" for possession or cultivation of marijuana by a person "who possesses or cultivates marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician." Cal. Health & Safety Code § 11362.5(d); *People v. Mower*, 49 P.3d 1067, 1076 (Cal. 2002).

¶8          In 2003, the California legislature passed the Medical Marijuana Program, in part to clarify the Compassionate Use Act's scope and to promote its uniform application across counties. Cal. Health & Safety Code §§ 11362.7 to 11362.9; *Browne*, 153 Cal. Rptr. 3d at 67. The Medical Marijuana Program "created a voluntary program for the issuance of

---

[3]          A "visiting qualifying patient" is a person "[w]ho is not a resident of Arizona or who has been a resident of Arizona less than thirty days [and] [w]ho has been diagnosed with a debilitating medical condition by a person who is licensed with authority to prescribe drugs to humans in the state of the person's residence . . . ." A.R.S. § 36-2801(17).

identification cards to qualified patients."[4] *Browne*, 153 Cal. Rptr. 3d at 67; *see also* Cal. Health & Safety Code § 11362.71(f) ("It shall not be necessary for a person to obtain an identification card in order to claim the protections of [the Compassionate Use Act]."). A "qualified patient" is a person entitled to the Compassionate Use Act's protections, "but who does not have an identification card issued pursuant to [The Medical Marijuana Program]." Cal. Health & Safety Code § 11362.7(f).

**B.      Kemmish's Physician's Recommendation Letter is the Equivalent of a Registry Identification Card Issued by California Authorities as Recognized by California Law.**

**¶9**      The State contends Kemmish's physician's recommendation letter is not equivalent to an Arizona registry identification card, and the superior court therefore erred by dismissing the indictment. Specifically, the State argues "or its equivalent" should only be read as a provision for state-issued cards in cases where other states do not refer to their medical marijuana cards as "registry identification cards," or their cards are issued by an agency other than a department of health services. The State contends that as Kemmish's letter was not "issued" by the State of California, it is not the documentary "equivalent" of an Arizona registry identification card and is therefore not valid in Arizona. We do not interpret § 36-2804.03(C) so narrowly.

**¶10**      "Our primary objective in construing statutes adopted by initiative is to give effect to the intent of the electorate." *State v. Gomez*, 212 Ariz. 55, 57, ¶ 11 (2006); *State v. Matlock*, 237 Ariz. 331, 334, ¶ 10 (App. 2015). If a statute's language is clear and unambiguous, it is the best indicator of that intent, and we apply it as written without resorting to other methods of statutory interpretation. *State ex rel. DES v. Pandola*, 243 Ariz. 418, 419, ¶ 6 (2018); *State v. Jurden*, 239 Ariz. 526, 530, ¶ 15 (2016); *State v. Siplivy*, 228 Ariz. 305, 307, ¶ 6 (App. 2011). However, if the language is ambiguous, we attempt to determine the electorate's intent by looking to the statutory scheme and consider the statute's context, historical background, effects and consequences, and purpose and spirit. *See State v. Ross*, 214 Ariz. 280, 283, ¶ 22 (App. 2007). If we find ambiguity, "we may consider ballot

---

[4]      The Medical Marijuana Program also "expressly expands the scope of the Compassionate Use Act beyond the qualified defense to cultivation and possession of marijuana," to provide defenses to additional crimes related to marijuana. *People v. Urziceanu*, 33 Cal. Rptr. 3d 859, 882 (App. 2005).

materials and publicity pamphlets circulated in support of the initiative." *Ruiz v. Hull*, 191 Ariz. 441, 450, ¶ 36 (1998); *see also Gear*, 239 Ariz. at 345, ¶ 11 (citing the Act's publicity pamphlet).

¶11 We are not persuaded the Act is ambiguous and will therefore apply the statute's plain language. The statute's language provides all that is required for a visiting qualifying patient to possess or use medical marijuana in Arizona is to have a "registry identification card, or its equivalent." A.R.S. § 36-2804.03(C). "Equivalent" means: "(1) Equal in value, force, amount, effect, or significance; (2) Corresponding in effect or function; nearly equal; virtually identical." *Equivalent*, Black's Law Dictionary (10th ed. 2014); *cf. State v. Korzep*, 165 Ariz. 490, 493 (1990) (giving statutory language its "usual and commonly understood meaning unless the legislature clearly intended a different meaning"). Therefore, § 36-2804.03(C) allows a visiting qualifying patient to possess or use medical marijuana in Arizona if the patient has documentation that would entitle him to do so under the medical marijuana laws of another state. Whether another state's medical marijuana law requires an identification card, a physician's letter, or some other documentation is immaterial, so long as the documentation is sufficient under the law of the issuing state. If the qualifying visiting patient is authorized by a medical marijuana law in another state "to possess or use marijuana for medical purposes in the jurisdiction of issuance," the patient may possess and use medical marijuana in Arizona. A.R.S. § 36-2804.03(C).

¶12 The parties stipulated in the superior court that Kemmish was a "visiting qualifying patient." The parties also agreed Kemmish's physician's recommendation letter was obtained pursuant to the Compassionate Use Act and was valid at the time of the stop. The parties further agreed the letter permitted Kemmish to possess and use medical marijuana in California. In its order dismissing the indictment, the superior court found Kemmish's physician's recommendation letter was the equivalent of an Arizona registry identification card. Based on these stipulated facts, and our interpretation of § 36-2804.03(C), the superior court did not err by dismissing the indictment.

¶13 The State argues that treating a physician's recommendation letter as equivalent to a registry identification card puts § 36-2804.03(C) into conflict with the rest of the Act because the Act "adopted a clear policy requiring state oversight," and a physician's recommendation letter is not issued by a state agency. The State contends an identification card issued pursuant to California's Medical Marijuana Program would be the equivalent of a registry identification card, as the process for obtaining an

identification card through both programs is "nearly identical" and both include applying for and receiving a card through a state agency. The State maintains that the Compassionate Use Act is broader than the Act, "does not involve any of the same oversight," and there "are no safeguards to prevent abuse."

¶14     To support its argument that the Act requires state oversight, the State relies on the Act's provisions requiring a registry identification card to be issued by the State and on the publicity pamphlet circulated with the proposition. Specifically, the State points to an argument "for" the proposition by the Arizona Medical Marijuana Policy Project's campaign manager saying, "[u]nlike California, where it's possible to get a doctor's recommendation to use marijuana for almost any condition, only patients with a limited number of serious and debilitating conditions . . . will be able to acquire medical marijuana in Arizona. Patients will also have to register with the state . . . ." Ariz. Sec'y of State, 2010 Publicity Pamphlet 84 (2010), http://apps.azsos.gov/election/2010/Info/PubPamphlet/english/e-book.pdf.

¶15     Even though we recognize that the Act requires state oversight for Arizona medical marijuana patients, concluding that another state's physician's recommendation letter is equivalent to a registry identification card does not place § 36-2804.03(C) into conflict with that policy. *See In re Stephanie N.*, 210 Ariz. 317, 320, ¶ 17 (App. 2005) ("[R]elated statutes must be interpreted consistently and harmoniously with one another."). While the Act requires Arizona medical marijuana patients to obtain a registry identification card to legally purchase and use medical marijuana in this state, the legislation does not impose a similar requirement in § 36-2804.03(C) for out-of-state medical marijuana patients. *See Collins v. Stockwell*, 137 Ariz. 416, 420 (1983) (we "will not read into a statute something that is not within the manifest intent of the Legislature as gathered from the statute itself"). Under the Act, visitors, and Arizona residents here less than 30 days, may possess and use marijuana purchased under the medical marijuana laws of another state. The superior court did not err by finding Kemmish's physician's recommendation letter is "equal in force, effect or significance to an Arizona registry card in Arizona." *See Equivalent*, Black's Law Dictionary (10th ed. 2014).

¶16     The State further argues its interpretation of § 36-2804.03(C) is supported by this court's decision in *State v. Abdi*. In *Abdi*, we stated "[t]he Act gives a qualifying patient issued a registry identification card by another state the same presumptions and immunities when she visits Arizona." 236 Ariz. at 611, ¶ 11. Because we referred in *Abdi* to the Act's

definitions, the State argues we were "presumably familiar with the definition of registry identification card" and the above statement "indicates that the *Abdi* court operated under the assumption that A.R.S. § 36-2804.03(C) only applied if a visiting qualifying patient possessed a state issued medical marijuana card." However, the issue in *Abdi* was whether the Act provides a defense against a charge of marijuana possession to an out-of-state caregiver. *Id.* at 612, ¶ 13. Because § 36-2804.03(C) "expressly applies only to visiting patients . . . [and] makes no reference to a 'visiting designated caregiver,'" the court held it did not provide a defense to out-of-state caregivers. *Id.* at 611, ¶ 12. The court did not consider the meaning of "equivalent" as used in § 36-2804.03(C), or whether a *patient* who possessed a physician's recommendation letter is entitled to the defense. Thus, *Abdi* does not "implicitly reject" the superior court's ruling or make it "clear that to be the equivalent of an [Arizona] registry identification card, the documentation relied upon by a visiting qualifying patient must be issued by a state agency," as the State contends.

¶17 The State also argues holding a physician's recommendation letter to be equivalent to a registry identification would afford non-residents greater rights than Arizona residents, and therefore the superior court's ruling "works an absurd result." *See Bussanich v. Douglas*, 152 Ariz. 447, 450 (App. 1986) (a result is absurd "if it is so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of [persons] with ordinary intelligence and discretion"). The State argues, "it is illogical to hold that Arizona residents in enacting the [Act] . . . would have voted to afford residents of California greater protections than what they were voting to grant themselves." Although Kemmish's physician's recommendation letter was not issued by a state agency, the parties agreed Kemmish would have been able to obtain a registry identification card under the Medical Marijuana Program had he applied and paid a fee. Further, Kemmish is only entitled to the limited immunities to possession and use of medical marijuana afforded by the Act, and not to any other defenses he may be entitled to under California's Compassionate Use Act or Medical Marijuana Program. Kemmish is also only permitted to possess, in Arizona, the amount of marijuana authorized by the Act, and is not permitted to purchase medical marijuana in Arizona. *See* A.R.S. § 36-2804.03(C) ("[A] visiting qualifying patient is not authorized to obtain marijuana from a nonprofit medical marijuana dispensary."). Accordingly, we are not convinced interpreting a physician's recommendation letter as the equivalent of a registry identification card affords non-residents greater rights than Arizona residents.

¶18 We emphasize the parties stipulated that Kemmish meets the definition of a "visiting qualifying patient" and that his physician recommendation letter was issued pursuant to California's Compassionate Use Act and allowed him to possess and use medical marijuana in California. Thus, Kemmish's physician's recommendation letter is equivalent to an Arizona registry identification card for the purposes of § 36-2804.03(C). We recognize, however, the State's concerns that the Compassionate Use Act does not involve the same oversight as the Act because it permits medical marijuana use and possession with an oral recommendation from a physician, *see* Cal. Health & Safety Code § 11362.5(d), and because it allows California residents to obtain medical marijuana to treat more conditions than the Act allows Arizona residents to obtain medical marijuana to treat. *Compare* Cal. Health & Safety Code § 11362.5(A) (a physician may recommend medical marijuana for the treatment of delineated illnesses "*or any other illness for which marijuana provides relief*") (emphasis added), *with* A.R.S. § 36-2801(3) (the Department must approve the addition of a debilitating medical condition or treatment to the Act's limited definition). However, Kemmish had a written physician's recommendation and the parties agreed he would qualify for an Arizona registry identification card. Thus, we leave for another day whether an oral recommendation is sufficient documentation under § 36-2804.03(C). We similarly express no opinion on whether a visiting patient diagnosed with a medical condition that is not defined as a "debilitating medical condition" under the Act, but permits him to possess and use medical marijuana in another state, is permitted to possess and use medical marijuana in Arizona.

## CONCLUSION

¶19 The superior court did not abuse its discretion by finding Kemmish's physician's recommendation letter equivalent to a registry identification card and dismissing the indictment. Accordingly, we affirm.

